LA PLANTE *v.* CHEVROLET MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE ACCIDENT.

Compensation under workmen's compensation act was properly denied to wife of deceased employee whose death was caused by fall from stairway he was ascending to toilet while ill, in absence of any evidence as to what caused his fall; there being no evidence tending to show causal connection between his employment and his death.

Certiorari to Department of Labor and Industry. Submitted January 7, 1931. (Docket No. 50, Calendar No. 35,153.) Decided April 7, 1931.

Myrtle M. La Plante presented her claim for compensation against Chevrolet Motor Company, Division of General Motors Corporation, for the accidental death of her husband, William Joseph La Plante, while in defendant's employ. Plaintiff re-

On the question as to whether cerebral hemorrhage is an accident within the meaning of workmen's compensation act, see annotation in 7 A. L. R. 1614; 13 A. L. R. 438.

views denial of compensation by certiorari. Affirmed.

*David E. Roberts,* for plaintiff.

*J. G. Stevenson,* for defendant.

McDONALD, J.   This is certiorari from an award of the department of labor and industry. The only question involved is whether decedent suffered an accidental injury arising out of and in the course of his employment.

The decedent, William La Plante, was employed by the defendant as a steamfitter. He worked nights. His death occurred at about two o'clock in the morning of January 7, 1930, and was caused by concussion of the brain, the result of a fall from the steps of a stairway to the cement floor below. The question is, what caused him to fall? The commission denied compensation on the theory that there was no evidence to show a causal connection between his employment and his death.

The facts on which the commission based its conclusion are substantially as follows: Before he left home on the evening in question, the decedent ate a hearty dinner of cabbage and sausage. He ate again at about 11 o'clock at the factory. He had complained of not feeling well. He said he had a pain in his stomach which would not go away. About 12 o'clock he went to the first aid department and was given a dose of sodium phosphate. About two o'clock he started up a stairway which led to a toilet.  When on the third step, he was seen to fall or roll onto the step and then to the floor.  He died immediately. The doctor who performed the autopsy said he found some inflammation of the aorta,

but that death was caused by cerebral hemorrhage due to concussion of the brain.

There is no evidence that he slipped or stumbled, and if it be found that some mishap or accident caused the fall, it must be by inference from the circumstances shown in the evidence above stated. No such inference is possible. The evidence is more consistent with the theory of the commission that he may have become dizzy or something of a physical nature caused him to fall. At any rate, there is no direct evidence as to what caused the fall, and no circumstances from which might be inferred any fortuitous or accidental happening.

The award denying compensation is affirmed.

WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.